**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DIVISION**

RICHARD WILLIAM FOY,

    Plaintiff,

v.

ALL MEDICAL AND STAFF AT COFFEE CORRECTIONAL FACILITY,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-98

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Coffee Correctional Facility in Nicholls, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement. (Doc. 1.) Plaintiff also filed an Amended Complaint. (Doc. 5.) Plaintiff filed a Motion for Temporary Restraining Order. (Doc. 12.) The Court directed Plaintiff to file another Amended Complaint, as Plaintiff failed to identify a person or persons who could be held liable for the alleged constitutional violation. (Doc. 15.) Plaintiff responded to this Court's Order by mailing three "letters". (Docs. 16, 17, & 18.) The Court **DIRECTS** the Clerk of Court to add "Nurse Castillo" as a Defendant in this case. Additionally, for the reasons which follow, I **RECOMMEND** the Court **DENY** Plaintiff's request for a temporary restraining order and that the Court **DIRECT** the Clerk of Court to **TERMINATE** "All Medical and Staff at Coffee Correctional Facility" as a Defendant upon the docket of this case. The Court **DIRECTS** the United States Marshal to serve Defendant Castillo with a copy of Plaintiff's Complaint, Amended Complaint, his three "letters", and a copy of this Order.

## BACKGROUND

In his Complaint, as amended, Plaintiff asserted that Nurse Castillo denied him treatment for a litany of ailments, including pain in his chest, back, stomach, legs, feet, and right hand, as well as cellulitis, diabetes, high blood pressure, and a hernia. (Doc. 1, p. 5; Doc. 18.) Plaintiff is seeking proper medical treatment and the return of his wheelchair. Plaintiff contends in his first Amended Complaint that he spoke with Lieutenant Cooper about his medical issues on October 14, 2015, including his alleged inability to walk, and Nurse Castillo was present at this time. (Doc. 5, p. 5.) Plaintiff states he was told he was not experiencing a medical emergency.

Plaintiff filed pleadings dated April 28, 2016, and May 5, 2016. (Docs. 16, 17.) In the first of these pleadings, Plaintiff maintains he has "another complaint upon medical." (Doc. 16.) Plaintiff states he was supposed to get labwork done, but it was cancelled. Plaintiff also states "medical" was still refusing to see him in sick call and to keep his appointments. Plaintiff alleges he feels "very bad" and that his sugar levels are not controlled. (Id.) Plaintiff contends in the second pleading that he made a sick call request on May 5, 2016, and Defendant Castillo told him she and the doctor would not give him anything to help with his pain or to otherwise help with his back pain. (Doc. 17.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be

granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint and amendments thereto raises several doctrines of law, which the Court discusses in turn.

## DISCUSSION

**I.  Motion for Temporary Restraining Order (Doc. 12)**

Plaintiff states in his Motion for Temporary Restraining Order, which was executed on March 23, 2016, that Officer Tooms had been harassing him for the past four to five months. (Doc. 12.) Plaintiff asserts he is tired of Officer Tooms' smart remarks, making Plaintiff miss chow, and not allowing him to pick up his legal mail. Plaintiff also asserts he went through the metal detector on one occasion on his way to the chow hall, and the metal detector "went off[.]" (Id.) Plaintiff contends he had his nitroglycerin pills in his pocket, and Officer Tooms got "mouth[y]" and sent Plaintiff back to his dorm without eating. (Id.) Plaintiff asserts he told

Officer Tooms he is diabetic and needed to eat so he could take his medication with food. Plaintiff also asserts Officer Tooms told him he did not care.

To be entitled to a preliminary injunction or a temporary restraining order, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in

the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has not shown he meets the prerequisites necessary for obtaining a temporary restraining order. Officer Tooms is not a named Defendant, and thus, Officer Tooms would not be a proper subject of a restraining order. Polanco v. Levitt, No. 06-CV-6396 CJS, 2007 WL 2902961, at *1 (W.D.N.Y. Oct. 1, 2007) ("Plaintiff's allegations in support of the application for injunctive relief are insufficient because they do not involve . . . any of the named defendants in this action."); Vega v. Lantz, No. 3:04CV1215(DFM), 2006 WL 2642416 at *2 (D. Conn. Sept. 14, 2006) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint."). In addition, this Court does not have personal jurisdiction in this action over Officer Tooms because he is not a defendant. See In re Rationis Enterprises, Inc. of Panama, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."). In addition, any putative claims against Officer Tooms are not related to those allegations levied against Defendant Castillo, and the Court will not permit Plaintiff to pursue these unrelated claims in this cause of action. Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *4 (11th Cir. July 16, 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."). Consequently, the Court should **DENY** Plaintiff's request for a temporary restraining order.

**II.    Deliberate Indifference Claims**

The Eighth Amendment imposes duties on prison officials including the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 828 (1994). This right to safety is violated when a defendant shows a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). In order to prevail on such a claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendant showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendant's acts or omissions and the alleged constitutional deprivation. Id.

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as

mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. "The meaning of 'more than gross negligence' is not self-evident[.]" Id.

To prove a delay in providing medical treatment caused harm, a plaintiff must present evidence of: "'(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay.'" Keele v. Glynn Cty., Ga., 938 F. Supp. 2d 1270, 1292 (S.D. Ga. 2013) (quoting Goebert, 510 F.3d at 1327). However, "'accidental inadequacy, negligence in diagnosis or treatment, [and] medical malpractice'" are insufficient to sustain a claim of deliberate indifference. Id. (alteration in original) (quoting Nimmons v. Aviles, 409 F. App'x 295, 297 (11th Cir. 2011)). In addition, a plaintiff who asserts that a delay in obtaining medical treatment amounts to a constitutional violation is required to submit verifying medical evidence into the record "to establish the detrimental effect of [any] delay in medical treatment to succeed." McDaniels v. Lee, 405 F. App'x 456, 458–59 (11th Cir. 2010) (internal citation omitted).

Here, Plaintiff alleges he has several chronic conditions, such as diabetes and back pain. Based on Plaintiff's allegations, these conditions are plausibly serious medical conditions. If left untreated, as he claims (or if his treatment is delayed, as he implies), these conditions could easily have already become worsened and may become further exacerbated. Additionally,

accepting Plaintiff's allegations as true, as the Court must, there is no legitimate reason for the delay in his various conditions. Thus, Plaintiff sets forth plausible deliberate indifference claims for monetary relief and injunctive relief against Defendant Castillo.[1]

## CONCLUSION

For the numerous reasons set forth above, I **RECOMMEND** that the Court **DENY** Plaintiff's request for injunctive relief.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

---

[1] The Court directed Plaintiff to amend his Complaint to name a person or persons liable for his purported lack of medical care and treatment. Plaintiff has done so and states Nurse Castillo should be held liable for his deliberate indifference claims. (Doc. 18.) This is the only individual he has identified as a person liable for his lack of medical care. Accordingly, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **TERMINATE** "All Medical and Staff at Coffee Correctional Facility" as a named Defendant in this case.

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

## REMAINING CLAIM AND DEFENDANT

Plaintiff's allegations in his Complaint arguably state a colorable claim for relief under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need against Defendant Castillo. Consequently, a copy of Plaintiff's Complaint, Amended Complaint, three letters, (docs. 1, 5, 16, 17, 18), and a copy of this Order shall be served upon Defendant Castillo by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## <u>INSTRUCTIONS TO DEFENDANT</u>

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that the United States Marshal effect service. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

10

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendant is further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendant shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon her attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or her counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1.

Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant.  Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of July, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA