IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RICHARD WILLIAM FOY,

    Plaintiff,

v.

NURSE CASTILLO; MELODY MCLOUD;
DR. MOOR; DR. AUSTIN; JOHN HUICK;
MRS. WRIGHT; and MRS. HANDS,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-98

## **O R D E R**

Presently before the Court are three Motions Plaintiff has filed: 1) Motion to Compel, (doc. 28); 2) Motion for Appointment of Counsel, (doc. 29); and 3) Motion to Alter or Amend the Judgment, (doc. 30). Defendant Castillo filed Responses to these Motions. (Docs. 32, 33, 34.) For the reasons which follow, the Court **DENIES** Plaintiff's Motion to Compel and his Motion for Appointment of Counsel and **DISMISSES** as prematurely filed his Motion to Alter or Amend the Judgment.

## **BACKGROUND**

Plaintiff, who is currently housed at Coffee Correctional Facility in Nicholls, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement. (Doc. 1.) Plaintiff also filed an Amended Complaint. (Doc. 5.) The Court directed Plaintiff to file another Amended Complaint, as Plaintiff failed to identify a person or persons who could be held liable for the alleged constitutional violation. (Doc. 15.) Plaintiff responded to this Court's Order by mailing three letters. (Docs. 16, 17, & 18.)

In his Complaint, as amended, Plaintiff asserted that Nurse Castillo denied him treatment for a litany of ailments, including pain in his chest, back, stomach, legs, feet, and right hand, as well as cellulitis, diabetes, high blood pressure, and a hernia. (Doc. 1, p. 5; Doc. 18.) Plaintiff then filed a Motion to file a Second Amended Complaint on July 29, 2016. (Doc. 21.) Nurse Castillo, who was the only named Defendant at that time, filed her Answer on August 11, 2016. (Doc. 23.) The Clerk of Court issued a Scheduling Notice and advised the parties that discovery was to close on December 28, 2016. (Doc. 24.)

The Court granted Plaintiff's Motion to file a Second Amended Complaint on September 12, 2016. By this same Order, the Court directed service of Plaintiff's Complaint, as amended, upon Defendants McLoud, Dr. Moor, Dr. Austin, John Huick, Mrs. Wright, and Mrs. Hands. (Docs. 25, 27.) Defendants McLoud, Dr. Moor, Dr. Austin, John Huick, Mrs. Wright, and Mrs. Hands have not yet answered Plaintiff's Complaint, as amended, or otherwise entered an appearance in this case. On September 16, 2016, Plaintiff filed these three Motions, which the Court discusses in turn.

**DISCUSSION**

**I.   Plaintiff's Motion to Compel**

Plaintiff moves pursuant to Federal Rule of Civil Procedure 37 to compel Defendants to fully answer his interrogatories. In the alternative, Plaintiff seeks an Order compelling Defendants to produce several categories of documents for inspection and copying, including Plaintiff's medical records. (Doc. 28.)

Defendant Castillo contends Plaintiff failed to serve her attorney with any discovery requests prior to filing his Motion to Compel. Additionally, Defendant Castillo asserts Plaintiff failed to comply with this Court's Local Rule and Federal Rule of Civil Procedure 37, as he

failed to confer with her attorney prior to filing this Motion. Thus, Defendant Castillo maintains Plaintiff's Motion is due to be dismissed.

As noted above, Defendant Castillo filed her Answer on August 11, 2016. Additionally, those Defendants upon whom the Court directed service of Plaintiff's Complaint, as amended, on September 12, 2016, have not filed their Answers. Thus, the discovery period has yet to begin. (See Doc. 19, p. 11 ("[T]he Court's standard 140 day discovery period will commence upon the filing of the last answer.").) Additionally, as the Court clearly explained to Plaintiff in its July 19, 2016, Order, once the discovery period opens, Plaintiff must pursue discovery directly from Defendants, and discovery materials "should **not** be filed routinely with the Clerk of Court." (Id. at p. 12.) It appears that Plaintiff has not even served discovery requests upon Defendants, nor did he confer with counsel prior to filing the instant Motion. Moreover, Plaintiff failed to file a certification that he contacted Defendant Castillo's attorney "in a good faith effort to resolve any dispute about discovery[,"] in violation of this Court's directives, the Federal Rules of Civil Procedure, and this Court's Local Rules. (Id. at p. 12 (citing Fed. R. Civ. P 26(3) and 37(a)(2)(A) and Local Rule 26.7).) Consequently, the Court **DENIES** Plaintiff's Motion to Compel.

## II. Motion for Appointment of Counsel

Plaintiff avers he needs legal assistance so that he can present his case properly to the Court and that he is unable to afford counsel. Plaintiff also contends his imprisonment will limit his ability to litigate the issues before the Court. (Doc. 29.) Defendant Castillo responds that Plaintiff's filings in this case demonstrate he has sufficient intelligence and an understanding of the issues before the Court and does not need the assistance of counsel. (Doc. 33, pp. 1–2.)

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d

1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; and Wahl, 773 F.2d at 1174). This case is not so

4

complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. For these reasons, the Court **DENIES** Plaintiff's Motion.

### III. Motion to Alter or Amend Judgment

Finally, without any explanation of the relief he seeks, Plaintiff states he makes his Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) and within ten (10) days of the entry of a judgment. (Doc. 30.) Defendant Castillo alleges Plaintiff's Motion is moot, as the Court has entered no judgment in this case. (Doc. 34.)

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A Federal Rule of Civil Procedure 59(e) motion, or motion for reconsideration, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)). The Court can discern no reason to grant Plaintiff's Motion. Plaintiff fails to point to a judgment this Court has entered in this case, particularly one entered within the ten days prior to the filing of this Motion, as Plaintiff contends he is challenging.

Thus, the Court **DISMISSES** as prematurely filed Plaintiff's Motion to Amend or Alter Judgment.

**SO ORDERED**, this 12th day of October, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA