# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

RICHARD WILLIAM FOY,

    Plaintiff,

v.

NURSE CASTILLO; MELODY MCLOUD;
DR. MOOR; DR. AUSTIN; JOHN HUICK;
MRS. WRIGHT; and MRS. HANDS,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-98

## ORDER

Presently before the Court is Plaintiff's Notice of Voluntary Dismissal. Dkt. No. 60. Pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(i) and 41(b), the Court **APPROVES** Plaintiff's Notice, **DISMISSES** Plaintiff's Complaint **without prejudice**, and **DISMISSES** as moot all pending Motions in this case. The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

### BACKGROUND

Plaintiff, who is currently housed at Coffee Correctional Facility in Nicholls, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement. Dkt. No. 1. Plaintiff also filed an Amended Complaint. Dkt. No. 5. The Court directed Plaintiff to file another Amended Complaint, as Plaintiff failed to identify a person or persons who could be held

liable for the alleged constitutional violations. Dkt. No. 15. Plaintiff responded to this Court's Order by mailing three letters. Dkt. Nos. 16, 17, 18.

In his Complaint, as amended, Plaintiff asserted that Nurse Castillo denied him treatment for a litany of ailments, including pain in his chest, back, stomach, legs, feet, and right hand, as well as cellulitis, diabetes, high blood pressure, and a hernia. Dkt. No. 1, p. 5; Dkt. No. 18. Plaintiff then filed a Motion to file a Second Amended Complaint on July 29, 2016. Dkt. No. 21. The Court granted Plaintiff's Motion to file a Second Amended Complaint on September 12, 2016. By this same Order, the Court directed service of Plaintiff's Complaint, as amended, upon Defendants McLoud, Dr. Moor, Dr. Austin, John Huick, Mrs. Wright, and Mrs. Hands. Dkt. Nos. 25, 27. All Defendants except for Dr. Moor and Dr. Austin filed an Answer on October 25, 2016. Dkt. No. 40.

Thereafter, Plaintiff filed several pleadings, including a Motion to Compel Discovery and a Request for "Dead Docket Case", dkt. nos. 43, 44. In the Order addressing Plaintiff's Request for "Dead Docket Case" and denying his Motion to Compel Discovery, the Court stated that it appeared that Plaintiff wished to dismiss his case voluntarily at this time and that Plaintiff should advise the Court whether he wanted to dismiss his case. Dkt. No. 56, p. 2. Plaintiff responded to this Order and stated he is unsure how to proceed with his case at this time because he has been unable to obtain discovery. Dkt. No. 57.

Additionally, Plaintiff filed a Notice on January 9, 2017, in which he stated Defendant Castillo's attorney requested certain admissions from Plaintiff, and Plaintiff could not answer those admissions until he knew whether certain staff members were responsible for the alleged violations of his constitutional rights. Plaintiff also stated he wants his case on the "dead docket" until he was able to resolve these issues. Dkt. No. 58. Plaintiff filed a "Motion for Default", also on January 9, 2017, and requested that the dead docket motion he filed on October 28, 2016, not be "lifted". Dkt. No. 59. Finally, Plaintiff filed "Responce [sic] on Stipulated Dismissal with Prejudice Reads" on January 9, 2017. Dkt. No. 60. He avers he is proceeding pursuant to Rule 41(a)(1) and "dismisses this action without prejudice." Id.

**DISCUSSION**

Defendants responded to Plaintiff's filings. Defendants do not oppose the dismissal of Plaintiff's claims, without prejudice, but do oppose Plaintiff's desire to have this case dead docketed.[1] Defendants assert Plaintiff's responses to this Court's Orders do "not evidence a willingness to proceed," and Defendants "renew their request that the case be closed by dismissal without prejudice." Dkt. No. 61, p. 1.

"[T]he plaintiff may dismiss an action without a court order by filing. . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P.

---

[1] In fact, Defendants' counsel prepared a proposed stipulation of dismissal in response to Plaintiff's Motion to Dead Docket, as it appeared to counsel that Plaintiff's Motion was a motion to dismiss without prejudice so Plaintiff could "organize his affairs." Dkt. No. 49, p. 1.

3

AO 72A
(Rev. 8/82)

41(a)(1)(A)(i). A dismissal under this Rule is without prejudice, unless otherwise indicated. Fed. R. Civ. P. 41(a)(1)(B). A cause of action can also be dismissed upon a defendant's motion "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). A dismissal under this Rule "operates as an adjudication on the merits." Id.

Plaintiff's recent pleadings are not exemplars of clarity. Nonetheless, as laid out above, Plaintiff has now expressed his desire to dismiss his cause of action on more than one occasion. Consequently, the Court **GRANTS** Plaintiff's requests and **DISMISSES** his action, without prejudice.

Additionally, Plaintiff has not engaged in discovery, as required by this Court's Orders, the Local Rules of this Court, and the Federal Rules of Civil Procedure. Further, despite the Court having provided Plaintiff several opportunities to clarify his claims and prosecute this action, he still has not moved forward with this case. Plaintiff's failure to do so may be due to an inability or an unwillingness on his part, but, whatever the reason, the Court cannot ignore Plaintiff's failure to engage in the litigation process.[2] Consequently, even if Plaintiff had not requested dismissal, the Court alternatively **DISMISSES** this action **WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and failure to follow this Court's Orders.[3]

---

[2] The Court has repeatedly advised Plaintiff of his obligation to prosecute his claims. See, e.g., Dkt. No. 19, p. 12 ("Plaintiff has the responsibility for pursuing this case.").

[3] A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule

AO 72A
(Rev. 8/82)

Plaintiff may re-file his cause of action on a later date, but he is advised he must comply with any and all applicable Rules and this Court's Orders.

**CONCLUSION**

Pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(i) and 41(b), the Court **APPROVES** Plaintiff's Notice, **DISMISSES** Plaintiff's Complaint **without prejudice,** and **DISMISSES** as moot all pending Motions in this case. The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED,** this _23_ day of _February_, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

5